IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDSON GARDNER,<br><br>                  Plaintiff,<br><br>vs.<br><br>STATE OF UTAH and MICHAEL W. WILKINS, Uintah County Clerk-Auditor,<br><br>                  Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:12-cv-474 |

      Plaintiff Edson Gardner has filed a large number of cases in the United States District Court for the District of Utah in which he contends that the State of Utah and various counties have no authority over him or his property. Now, in the above-captioned matter, Mr. Gardner seeks a declaratory judgment stating that his lands are located within the Uintah and Ouray Reservation and that he, and other Uintah Indian descendants, are not subject to taxation by the State of Utah or Uintah County. Mr. Gardner also requests the court to enjoin the Defendants from collecting any taxes from the descendants of Uintah Indians who earn income and reside within the geographical boundaries of the Uintah and Ouray Reservation.

      But these matters have already been litigated. The Tenth Circuit considered the issues of state authority over Mr. Gardner after he was prosecuted by the State of Utah and Uintah County for a speeding violation that occurred within the Uintah and Ouray Reservation. The Tenth Circuit stated: "We accept as true the allegations that Gardner's arrest occurred within the

reservation, and that he is a descendant of a terminated mixed-blood Ute. The pertinent inquiry is whether this status subjects him to Utah's criminal jurisdiction." Gardner v. United States, 1994 WL 170780, at *3 (10th Cir. May 5, 1994). The Tenth Circuit found that it did. The court held that when Congress terminated federal supervision over certain mixed-blood Utes, see 25 U.S.C. § 677-677aa, it also intended to terminate federal supervision of the descendants of terminated mixed-blood Utes. Gardner, 1994 WL 170780, at *4. The Congressional act provided that once federal supervision of a member of a tribe had been terminated, "the laws of the several States shall apply to such member in the same manner as they apply to other citizens within their jurisdiction." 25 U.S.C. § 677v. As a result, the Tenth Circuit held that Mr. Gardner was subject to the authority of the State of Utah.

Just as the Defendants have the authority to prosecute Mr. Gardner, they also have the authority to collect taxes from him. Mr. Gardner cannot demonstrate that this taxation will irreparably harm either him or other descendants of terminated mixed-blood Utes. As a result, the court GRANTS Defendants' Motion for Judgment on the Pleadings (Dkt. No. 7) and DENIES Mr. Gardner's Motion for a Permanent Injunction (Dkt. No. 5).

The Defendants have filed a counterclaim in this matter. But the court notes that the issues alleged in the counterclaim are currently before the Honorable Dale Kimball in the matter of Poulson v. Ute Indian Tribe of the Uintah and Ouray Reservation, Case No. 2:12-cv-497. In order to avoid duplicative litigation, the court exercises its discretion to DISMISS WITHOUT PREJUDICE the Defendants' counterclaim in this case.

The court orders the clerk of the court to close the case. The court also warns Mr. Gardner that any further attempt to relitigate these issues will result in sanctions.

SO ORDERED this 24th day of August, 2012.

                        BY THE COURT:

                        _____
                        TENA CAMPBELL
                        United States District Judge